PER CURIAM.
This proceeding is before the Court for consideration of the uncontested referee’s report. The referee adopted a consent judgment agreed to by the respondent in his guilty plea and approved by The Florida Bar.
The complaint of The Florida Bar set forth the allegation that attorney Louis P. Kaufman had pled guilty to two criminal offenses in the State of New Jersey and had been suspended from the practice of law in the State of New Jersey for a period of six months.[1] In response to The Florida *153 Bar’s complaint, respondent submitted a guilty plea providing for the imposition of specified measures of discipline. The Florida Bar recommended approval of the consent judgment on discipline, and the referee adopted it. The referee’s findings and recommendations are set forth in the report as follows:
II.FINDINGS OF FACT: In his consent judgment, Respondent admits certain factual matters which I hereby accept and adopt as the findings of fact in this cause, to wit:
a) Respondent was arrested on June 1, 1984 in Passaic, New Jersey, for possessing eight and one-half methaquaalude tablets. This arrest resulted in an indictment for possessing a controlled dangerous substance under NJSA 24:21-20.
b) In October 1984, Respondent was arrested for possessing 3.45 Grams of cocaine. This arrest resulted in an indictment for possessing a controlled dangerous substance under NJSA 24:21-20(a)(1).
c) Respondent pled guilty to charges of possession of cocaine and methaquaa-lude in New Jersey in March 1985 and May 1985.
d) As a result of Respondent’s guilty pleas he received sentences in each case of two (2) years probation and fines of $750.
e) Possession of cocaine and metha-quaalude tablets in Florida are felonies under state law. But, possession of me-thaquaalude is a misdemeanor in New Jersey.
I would also like to note that the Unconditional Guilty Plea and Consent Judgment for Discipline was signed by Respondent’s counsel and not the Respondent. It is my understanding the Respondent’s counsel signed the Plea with the Respondent’s authorization and consent as the Respondent lives in New Jersey. The Florida Bar has expressed no objections to this procedure.
III. RECOMMENDATION AS TO GUILT: In his Consent Judgment, Respondent admits that he was convicted of a felony which constitutes a violation of the Code of Professional Responsibility and Integration Rule of the Florida Bar. Based upon Respondent’s admissions, I recommend that Respondent be found guilty of violating article XI, Rule 11.-02(3)(a) and (b) of the Integration Rule of The Florida Bar (commission of an act contrary to honesty, justice and good morals and commission of a crime) Disciplinary Rules 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), and 1-102(A)(6) (conduct that adversely reflects on fitness to practice law) of the Code of Professional Responsibility.
IV. RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED: I recommend acceptance of Respondent’s Consent Judgment and the imposition of the following disciplinary terms:
a) A one (1) year suspension from the practice of law. Said suspension shall be followed by a two (2) year period of probation. That prior to the termination of the one (1) year suspension, the following conditions must be demonstrated:
1) That Respondent did contact Florida Lawyer’s Assistance, Inc., or a similar organization in either New York, New Jersey or Pennsylvania with fourteen (14) days of execution of this consent judgment. Said organization must be approved by Florida Lawyer’s Assistance, Inc.
2) That during the period of Respondent’s suspension he was monitored by the Florida Lawyer’s Assistance, Inc.
3) Respondent shall be precluded from engaging in the practice of law until such time as the monitoring organization certified to The Florida Bar that his drug problem is under control and no longer impairs his ability to practice law.
*154 b) The Florida Bar does not object to Respondent’s request that the date of the one (1) year suspension be made retroactive to April 23, 1987, the date of his temporary suspension for his felony conviction. Therefore, it is recommended that said one (1) year suspension be made retroactive to April 23, 1987.
We approve the referee’s report. We suspend Louis P. Kaufman from the practice of law, effective nunc pro tunc April 23, 1987, for a period of one year and subsequently until he shall have proved rehabilitation through reinstatement proceedings, and we place respondent on probation for two years following the termination of his suspension, pursuant to the terms and conditions set forth in the referee’s report.[2]
The costs of this proceeding are taxed against the respondent. Judgment is entered against Louis P. Kaufman for costs in the amount of $150.00, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

. Upon the filing of a notice in this Court to the effect that respondent had been convicted in New Jersey of criminal offenses including a felony, respondent was suspended from the *153 practice of law in Florida pursuant to Rule 3-7.2 of the Rules Regulating The Florida Bar. The Florida Bar v. Kaufman, No. 70,203 (Fla. March 24, 1987). Respondent thereafter moved for modification or termination of the suspension imposed upon him. His petition was denied. The Florida Bar v. Kaufman, No. 70,203 (Fla. June 2, 1987).

. It is the understanding of the parties hereto and the referee that the suspension provided herein shall be in lieu of the suspension mentioned in footnote 1.